UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL C. SPEARS, JR.,

    Plaintiff,

v.                                        Case No: 2:18-cv-286-FtM-38MRM

SHK CONSULTING AND
DEVELOPMENT, INC. and DAVID B.
NIRENBERG,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendants SHK Consulting and Development Inc. f/k/a Unified Marine, Inc.'s and David B. Nirenberg's Motion to Dismiss Counts VI and X of the Amended Complaint with Prejudice (Doc. 37) filed on August 3, 2018, and Plaintiff's Opposition (Doc. 47).

## **BACKGROUND**

Spears invented a depth gauge to be attached to boat trailers. The gauge gives a visual cue to the driver of the tow vehicle that the trailer is at proper depth to launch or recover a boat. (Doc. 31 at 4). Spears was granted a patent on the invention, which he licensed to SHK (formerly known as United Marine, Inc.) by way of a Licensing Agreement

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

signed by Spears and SHK CEO David Nirenberg. (Doc. 31-2). The License Agreement contains the handwritten addition, "Modifications to the patent should be added to the patent as soon as possible." (Doc. 31-2 at 3). Spears interprets this language to give him ownership rights to any subsequent embodiments of his invention.

About a year after the Licensing Agreement was signed, SHK hired Spears as a Research and Development Supervisor. (Doc. 31 at 7). During the performance of the Licensing Agreement and his employment with SHK, Spears gave SHK and Nirenberg confidential information about improvements to his invention. (Doc. 31 at 7). Nirenberg used the information to file U.S. Patent Application No. 13/800,145, which he assigned to SHK. (Doc. 31 at 9). SHK assigned the '145 Application to Lake Red Rock, and U.S. Patent No. 9,127,940 later issued, naming Nirenberg as the sole inventor and Lake Red Rock as the assignee. (Doc. 31 at 9; Doc. 31-6).

Spears sued SHK, Nirenberg, and Lake Red Rock LLC for ten causes of action relating to the '940 Patent and the Licensing Agreement. (Doc. 31). Lake Red Rock was voluntarily dismissed, and Count VII was thus abandoned because it was only asserted against Lake Red Rock. (Doc. 36). SHK and Nirenberg move to dismiss the remaining unjust-enrichment claim (Count VI) and the constructive-fraud claim (Count X) under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**DISCUSSION**

When considering a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not let all pleadings adorned with facts survive to the next state of litigation.

The Supreme Court has been clear on this point – a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*citing Twombly*, 550 U.S. at 557). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555).

### A. Preemption of the Unjust-Enrichment Claim (Count VI)

SHK and Nirenberg argue that Spears' unjust-enrichment claim is preempted by federal patent law because it hinges on whether Spears is the true inventor of the '940 Patent. (Doc. 37 at 4-5). They contend that applying state law to determine rights and remedies based on inventorship would frustrate the intentions and objectives of Congress. (Doc. 37 at 4-5). Spears counters that the claim is not preempted, as it concerns ownership of the patent, not inventorship. (Doc. 47 at 2-3). Because jurisdiction here is based in part on 28 U.S.C. § 1338(a), the law of the Federal Circuit applies to the preemption issue. *Clearplay, Inc. v. Nissim Corp*, 555 F. Supp. 2d 1318, 1324-25 (S.D. Fla. 2008).

The Supremacy Clause of the Constitution "states a clear rule that federal law 'shall be the supreme Law of the Land; and Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.'" *Amgen Inc. v. Sandoz Inc.*, 877 F.3d 1315, 1326 (Fed. Cir. 2017) (*quoting* U.S. Const. art. VI, cl. 2). Federal law can preempt state law in three ways: express preemption, field

preemption, and conflict preemption. *Id.* (*citing English v. Gen. Elec. Co.*, 496 U.S. 72, 78-79 (1990)). The Defendants' argument here relies on conflict preemption, which "occurs 'where it is impossible for a private party to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* (*quoting English*, 496 U.S. at 79).

The federal Patent Act has three objectives: "providing an incentive to invent, promoting the full disclosure of inventions, and ensuring 'that which is in the public domain cannot be removed therefrom by action of the States.'" *Dow Chemical Co. v. Exxon Corp.*, 139 F.3d 1470, 1474 (Fed. Cir. 1998) (*quoting Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 480 (1974)). A state tort remedy that does not frustrate these objectives is not preempted by federal patent law. The analysis begins by identifying the elements of the state-law claim and the nature of the underlying factual allegations. *See Daneshvar v. Kipke*, 266 F. Supp. 3d 1031, 1051-52 (E.D. Mich. 2017).

> To establish a claim for unjust enrichment in Florida,
>
> a plaintiff must show (1) that the "plaintiff conferred a benefit on the defendant, who has knowledge thereof"; (2) that the defendant "voluntarily accepted and retained the benefit conferred"; and (3) that "the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff."

*Edmondson v. Caliente Resorts, LLC*, No. 8:15-CV-2672-T-23TBM, 2018 WL 1565453, at *3 (M.D. Fla. March 30, 2018) (*quoting Hillman Constr. Corp. v. Wainer*, 636 So. 2d 576, 577 (Dist. Ct. App. Fla. 1994)). This cause of action covers "a broad range of conduct that does not bear on federal patent policies" and thus is not generally preempted by federal patent law. *Univ. of Colorado Found., Inc. v. Am. Cyanamid Co.*, 196 F.3d

4

1366, 1371 (Fed. Cir. 1999). The Court next turns to the factual allegations to determine whether applying the cause of action in this case would "impose requirements that are inconsistent with federal law." *Id.*

The crux of Spears' unjust-enrichment claim is that Nirenberg and SHK wrongfully obtained the '940 Patent based on confidential information they received from Spears and claimed ownership of it in violation of the Licensing Agreement. (Doc. 31 at 10). The Court of Appeals for the Federal Circuit faced similar facts in *Cynamid* and determined that a state unjust-enrichment claim was not preempted when the defendant obtained a patent through the wrongful use of information it received from the plaintiffs. *Cynamid*, 196 F.3d at 1371-71. The Federal Circuit held that the unjust-enrichment claim did not spring "from an attempt to enforce intellectual property rights, but instead from [the defendant]'s alleged wrongful use of the [plaintiff]s' research results." *Id.* Spears' unjust-enrichment action is similarly based on the Defendants' alleged misuse of his confidential information to obtain ownership of a patent; it is not based on enforcement of patent rights.

The Defendants cite *OptoLum v. Cree* to support preemption here because "[f]ederal patent law 'preempts any state law that purports to define rights based on inventorship.'" (Doc. 4) (*quoting OptoLum, Inc. v. Cree, Inc.*, 244 F. Supp. 3d 1005, 1014 (D. Ariz. 2017). OptoLum asserted that the defendant falsely held itself out to the public as the inventor of LED technology. *OptoLum*, 244 F. Supp. 3d at 1013. The resulting reputational benefit was the basis for OptoLum's unjust-enrichment claim. *Id.* at 1014-15. The *OptoLum* court found that the claim was preempted because it "depend[ed] on resolution of the inventorship issue." *Id.* The court distinguished OptoLum's claim from one asserted in *Thompson v. Microsoft Corp.*, 471 F.3d 1288 (Fed. Cir. 2006):

> In that case, the unjust enrichment claim was based on the allegation that the plaintiff had shared his technology with Microsoft in confidence and with the promise that Microsoft would not appropriate the technology for its own use. In response to Microsoft's preemption argument, the plaintiff made clear that inventorship was irrelevant to his unjust enrichment claim.

*OptoLum*, 244 F. Supp. 3d at 1014 (internal citations omitted). Spears' unjust-enrichment claim is more like Thompson's than OptoLum's because his claim is based on Defendants' misappropriation of ownership of a patent, not misappropriation of inventorship. Spears alleges that he has a contractual right to ownership of the '940 Patent, distinct from any ownership rights he may have as the true inventor. So even if a determination of inventorship is relevant to the unjust-enrichment claim, it is not essential because Spears has advanced an alternative, non-patent theory that could entitle him to relief. *See HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co., Ltd.*, 600 F.3d 1347, 1357 (Fed. Cir. 2010). Applying state law to enforce Spears' contractual ownership rights to the '940 Patent does not frustrate the purposes of federal patent law. For these reasons, Count VI is not preempted.

### B. Preclusion of Unjust Enrichment (Count VI) Due to Adequate Legal Remedies

Defendants next argue that the unjust-enrichment claim must be dismissed because Florida law precludes unjust enrichment when adequate legal remedies, such as a claim for breach of contract, exist. (Doc. 37 at 5-7). They contend that Count VI must be dismissed because it covers the same subject matter as the breach-of-contract claim asserted in Count III. (Doc. 37 at 6). Spears argues without reference to any precedent that Counts VI and III are sufficiently distinct, despite reliance on "similar allegations," because they seek different remedies. (Doc. 47 at 3-4).

Defendants correctly state, "Florida courts have held that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter." ([Doc. 37 at 5](#) (*quoting* [Diamond "S" Dev. Corp. v. Mercantile Bank, 989 So. 2d 696, 697 (Dist. Ct. App. Fla. 2008)](#))). Spears does not overcome this well-established doctrine by seeking a remedy for unjust enrichment that he chose not to seek for breach of contract. S*ee* [Ocean Commc'ns, Inc. v. Bubeck, 956 So.2d 1222 (Dist. Ct. App. Fla. 2007)](#) (holding that a party to an express contract cannot pursue an equitable theory, but that it can choose an equitable remedy in lieu of a damages remedy). But "Florida law bars unjust enrichment claims only when *both* parties to the lawsuit are *also* parties to a written agreement that covers the same subject matter." [Commercial Repairs and Sales, LLC v. Signet Jewelers Ltd., No. 8:17-CV-2439-EAK-JSS, 2018 WL 3068067, at *2 (M.D. Fla. Feb. 20, 2018)](#); *see also* [Agritrade, LP v. Quercia, Nos. 3D15-2392, 3D16-1181, 2017 WL 5760269, at *5 (Dist. Ct. App. Fla. Nov. 29, 2017)](#).

Count VI is indeed based on the same subject matter as the breach-of-contract claim set out in Count III. Both are based on an alleged breach of SHK's agreement that Spears would be the owner of all new embodiments to his invention. ([Doc. 1 at 13-14, 16](#)). The unjust-enrichment claim must therefore be dismissed as to SHK. Nirenberg, on the other hand, is not a party to the Licensing Agreement. In Florida, "a person who signs a contract only in a corporate capacity is not bound as an agent." [N. Am. Clearing, Inc. v. Brokerage Comput. Sys., Inc., Nos. 6:07-CV-1503-ORL-19KRS, 6:08-CV-1567-ORL-19KRS, 2009 WL 1513389, at *6 (M.D. Fla. May 27, 2009)](#). So Count VI survives, but only against Nirenberg.

### C. Preclusion of Constructive Fraud (Count X) under the Independent Tort Doctrine

Defendants move to dismiss Spears' constructive-fraud claim under Florida's independent tort doctrine. (Doc. 37 at 7-8). The contours of this doctrine are not entirely clear. *Lamm v. State Street Bank and Trust*, 749 F.3d 938, 947 (11th Cir. 2014). The doctrine is an off-shoot of the economic loss rule, which barred tort actions "when the parties were in contractual privity and one party sought to recover purely economic damages in tort for matters arising from contract." *Certain Underwriters at Lloyd's of London UK Subscribing to Policy No. B1230AP56189A14 v. Ocean Walk Resort Condo. Ass'n., Inc.*, No. 6:16-CV-258-ORL-37GJK, 2017 WL 3034069, at *10 n.19 (M.D. Fla. July 18, 2017) (*quoting Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 110 So. 3d 399, 401-02 (Fla. 2013)). In *Tiara*, the Florida Supreme Court limited the economic loss rule to products-liability cases. *Id.* But in a concurring opinion, Justice Pariente explained that the majority's decision did not upset certain common-law principles, including that a tort claim must be independent of any breach-of-contract claim. *Id.* (*citing Tiara*, 110 So. 3d at 409-10). So, the 11th Circuit has continued to recognize this independence requirement. *CEMEX Constr. Materials Fla., LLC v. Armstrong World Indus., Inc.*, No. 3:16-CV-186-J-34JRK, 2018 WL 905752, at *10 (M.D. Fla. Feb. 15, 2018). But the doctrine requires contractual privity between the parties. *See id.* ("Notably, *where a party is in contractual privity with another*, to bring a valid tort claim, the party must establish that the tort is independent of any breach of contract." (emphasis added)); *but see Carl's Furniture, Inc. v. APJL Consulting, LLC*, No. 15-60023-CIV, 2015 WL 1467726, *4 (S.D. Fla. Mar. 30, 2015).

District courts in Florida have thus "held that it 'is well settled that a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims."

*CEMEX*, 2018 WL 905752, at *10 (*citing Sun Life Assurance Co. of Can. v. Imperial Holdings Inc.*, No. 13-80305-CIV-Brannon, 2016 WL 10565034, at *5 (S.D. Fla. Sept. 22, 2016)). The critical inquiry for a fraud claim "focuses on whether the alleged fraud is separate and apart from the performance of the contract." *Id.* (*quoting Kaye v. Ingenio, Filiale Do Loto-Quebec, Inc.*, No. 13-61687-CIV, 2014 WL 2215770, at *4 (S.D. Fla. May 29, 2014)); *see also Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1031 (11th Cir. 2017) (holding that a fraudulent-inducement claim is independent of a breach-of-contract claim when "the fraud allegations are separate and distinct from defendants' performance under the contract"). Here, the factual allegations underlying Spears' constructive-fraud claim and breach-of-contract claims are the same: Nirenberg filed the '145 Application and assigned it to SHK, SHK exercised ownership over the '940 Patent by assigning it to Lake Red Rock, and SHK refused to pay royalties to Spears, all in violation of the Licensing Agreement. (Doc. 31 at 14, 21). And Spears alleged no conduct separate from the Licensing Agreement upon which a constructive-fraud claim could be based. Count X is therefore barred as to SHK under the independent tort doctrine. But it survives as to Nirenberg because he is not a party to the Licensing Agreement.

Accordingly, it is now

**ORDERED:**

Defendants SHK Consulting and Development Inc. f/k/a Unified Marine, Inc.'s and David B. Nirenberg's Motion to Dismiss Counts VI and X of the Amended Complaint with Prejudice (Doc. 37) is **GRANTED in part and DENIED in part**.

1. Defendants' Motion is granted as to SHK Consulting and Development Inc. f/k/a Unified Marine. Counts VI and X are **DISMISSED with prejudice.**

9

2. Defendants' Motion is denied as to David B. Nirenberg.

3. Defendants shall have up to and including **September 21, 2018** to file an Answer.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of September, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

10